# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID V. COOMBS, | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:18CV54 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
|    Defendant. | : |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff David V. Coombs appeals the Commissioner's final decision denying the plaintiff's application for disability insurance benefits ("DIB") pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act ("Act"), 42 U.S.C. § 405(g).

The plaintiff filed a motion for reversal or remand, contending that the Administrative Law Judge ("ALJ") erred (1) by giving great weight to the opinions of Nurse Practitioner Lisa DeCarlo; (2) by failing to consider Dr. Russell Phillips's agency consultant opinions and reconciling them with the inconsistencies in Nurse Practitioner DeCarlo's opinions; (3) by giving great weight to portions of the state agency assessments of Carl Bancoff, MD, Susan Gonzalez, Lois Wurzel, MD, and Erika Cieslak; (4) by not supporting the RFC non-exertional findings

with substantial evidence; and (5) by finding that the plaintiff could frequently finger and handle. Pl.'s Mem. to Reverse ("ECF No. 22-1") at 4-12.

The Commissioner filed a motion for an order affirming the Commissioner's decision, maintaining that the plaintiff "failed to demonstrate any significant error of fact or law" and that "the ALJ's findings are supported by substantial evidence." Def.'s Mot. to Affirm ("ECF No. 23") at 9.

For the reasons set forth below, the court concludes that any error in the application of the legal standard was harmless and that the ALJ's findings are supported by substantial evidence. Thus, the Commissioner's final decision is being affirmed.

## I. Legal Standard

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the

correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a mere scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258. Absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); 42 U.S.C. § 405(g)("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Thus, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

**II. Discussion**

    **A. Nurse Practitioner DeCarlo's Medical Source Statement**

The plaintiff contends that "the ALJ erred in giving great weight" to Nurse Practitioner DeCarlo's opinions" as reflected

in the medical impairment questionnaire dated March 20, 2015, because she was "not an acceptable medical source, does not practice in the field of behavioral health, had no behavioral health treatment relationship with the plaintiff, . . . did not begin primary care treatment of the plaintiff until more than two years after the date last insured" and her "findings . . . are inconsistent with the records for contemporaneous behavioral health treatment that the plaintiff was receiving from UCFS in 2015, which records reflect little to no improvement in the plaintiff's chronic symptoms related to anxiety and depression (Tr. 1248-1300)." ECF No. 22-1 at 4-5.

The defendant maintains that "[t]he ALJ reasonably and correctly assigned 'great weight' to the medical assessment from treating Nurse Practitioner DeCarlo". ECF No. 23 at 4.

On this issue, the Social Security Administration has noted the following:

> In addition to evidence from "acceptable medical sources," we may use evidence from "other sources" . . . to show the severity of the individual's impairment(s) and how it affects the individual's ability to function. These sources include, but are not limited to . . . *[m]edical sources* who are not "acceptable medical sources," such as nurse practitioners . . . . [T]he Act requires us to consider all of the available evidence in the individual's case record in every case. . . . In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons . . . .

SSR 06-3p (Rescinded effective March 27, 2017, after the ALJ's December 27, 2016, decision.).

> The ALJ wrote:
>
> The undersigned accepts that claimant has some mental health impairments that also impact his functional capacity. The RFC has the finding for performing short and simple tasks with limited social interaction. Claimant attested to problems with reading comprehension. A[s] a result, the RFC has the requirement for receiving instructions orally, not in written form, and no work requiring reading. In consideration of stress triggers, the undersigned has also limited the claimant to work that does not require any independent judgment making. At the hearing, claimant reported very little ability to sustain focus for work tasks. As an initial matter, the undersigned notes that there are no findings for loss of cognitive ability such that claimant could not perform at least short and simple tasks. Mental status examinations detail average intellect and fair recent and remote memory (Ex. 2F, Pg. 32). At the next visit, claimant demonstrated poor memory and difficulty concentrating. The undersigned must balance that against the finding for average intellect and cognitive functioning within effective limits (Ex. 2F, Pg. 30). As claimant's medical treatment continued, he showed improvement in mood and presented with a brighter affect (Ex. 2F, Pg. 21). The record does show that claimant had period of hospitalization. A[t] the time of his discharge, his thoughts "improved dramatically" (Ex. 2F, Pg. 2). None of these notes shows any loss of concentration or focus. As such, the undersigned does not credit claimant's report that he could sustain adequate CPP for simple tasks.
>
> . . .
>
> As for the opinion evidence, the undersigned gives great weight to the opinion of claimant's treating source, L. DeCarlo, ARPN. Although Nurse Practitioner DeCarlo is an "other" source, she has a treatment relationship with claimant. The findings for average functioning in social interaction and average ability to perform simple tasks and sustain focus for such tasks comports with the content of the ongoing treatment notes.

R. at 17.

As noted above, contrary to the plaintiff's contention, the ALJ may consider and even give greater weight to "other sources" than to treating medical sources if the ALJ states the reasons for the weight given.  The ALJ may put weight on evidence after the date last insured where it informs disability during the relevant period.  Also, the plaintiff fails to point to any prejudice that would result from a misapplication of the standard in evaluating Ms. DeCarlo's opinion, given it "comports with the content of ongoing treatment notes" found in the records, as noted by the ALJ.  While the 2015 UCFS treatment records show symptoms of anxiety and depression, the records also show normal orientation, speech, languages, attention, concentration, judgment for everyday activities and social situations, thought processes, and associations abilities (see R. at 1271, 1274, 1280, 1287, 1291, 1294, 1298).  Even if the plaintiff could point to substantial evidence to support the plaintiff's contrary position, because the Commissioner's decision also is supported by substantial evidence, that decision will be sustained.  See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

Therefore, the plaintiff's motion to reverse or remand on this ground is being denied.

**B.   Dr. Phillips's Assessment**

The plaintiff contends that the ALJ failed to consider Dr.

6

Russell Phillips's April 4, 2015, assessment (citing R. at 144-149) and to reconcile any differences between it and Nurse Practitioner DeCarlo's medical source statement: that the Social Security Administration ("SSA") on April 15, 2015, found that the plaintiff was disabled for supplemental security income ("SSI") purposes due to affective, personality and anxiety disorders; that the SSA based that finding on Dr. Phillips's assessment; and that both conflict with Nurse Practitioner DeCarlo's contemporaneous findings. See ECF No. 22-1 at 6.

The defendant maintains that the ALJ specifically referred to Dr. Phillips's assessment because it was contained in Exhibit 9A, which was cited by the ALJ; that unlike Dr. Phillips, Nurse Practitioner DeCarlo examined the plaintiff; that "the State Agency ultimately determined Mr. Coombs was not disabled as of March 31, 2012"; and that any error would be harmless because "the ALJ did not solely rely on the non-medical part of the reports." ECF No. 23 at 7.

The ALJ wrote:

> The undersigned affords partial weight to the State Agency assessments issued by Carl Bancoff, M.D., Sonia Gonzalez, Lois Wurzel, and Erika Cieslak (Exs. 3A, 4A, 5A, 6A, **9A**). These assessments do not consider any physical impairments and that is not consistent with the material showing orthopedic impairments. The undersigned gives great weight to the portion of the assessment finding for the

7

>     ability to perform short and simple tasks and can
>     sustain concentration, pace, and persistence for
>     such tasks. Those findings agree with the content
>     of the treatment notes and the opinion from
>     claimant's treating source.

R. at 17-18 (emphasis added).

The court agrees that the ALJ referred to Dr. Phillips's assessment when citing to Exhibit 9A. Exhibit 3A refers to Dr. Carl Bancoff's assessment, Exhibit 4A to Sonia Gonzalez's, Exhibit 5A to Lois Wurzel's and Exhibit 6A to Erika Cieslak's. Although he is not named, 9A corresponds to Dr. Phillips's assessment.

However, Dr. Phillips's assessment relates both to the DIB and the SSI claims. Only DIB is at issue here. The plaintiff's onset date is June 30, 2008, the DIB application was filed June 7, 2014, and the date last insured is March 31, 2012, making the period prior to March 31, 2012, the relevant period. His SSI application was filed January 12, 2015. The relevant period for that claim is almost three years after the plaintiff's date last insured.

Finally, as noted by the defendant, the SSA ultimately found the plaintiff "Not Disabled" (R. at 150) as of date last insured: "We have determined your condition was not disabling on any date through 3/31/12, when you were last insured for disability benefits." R. at 151.

Therefore, the plaintiff's motion to reverse or remand on

8

this ground is being denied.

### C. Other State Agency Assessments

The plaintiff contends that the ALJ erred by giving "great weight" to portions of the assessments of Carl Bancoff, MD, Susan Gonzalez, Lois Wurzel, MD and Erika Cieslak, the earliest of which is dated November 18, 2014, because "it is not clear what the ALJ relied on in reaching the conclusion that the agency consultants found the plaintiff able to perform short, simple tasks, and maintain concentration, persistence and pace" because, inter alia, "none . . .provided an assessment of the plaintiff's mental health impairments."  ECF No. 22-1 at 7-8.

The defendant maintains that mentioning "agency single decision makers Gonzalez, Wurzel, and Cieslak is a harmless error", as noted in Section B above, and that "[t]he ALJ reasonably and correctly assigned 'great weight' to parts of the assessments from Dr. Bancoff"; "although the assessment . . . is dated November 17, 2014, Dr. Bancoff specifically considered the time period prior to the March 31, 2012 date last insured and assessed limitations consistent with the RFC in this case."  ECF No. 23 at 8 (citing R. 81-82).

In addressing mental impairments, the ALJ wrote:

> As an initial matter, the undersigned notes that there are no findings for loss of cognitive ability such that claimant could not perform at least short and simple tasks. Mental status examinations detail average intellect and fair recent and remote memory (Ex. 2F, Pg.

> 32). At the next visit, claimant demonstrated poor memory
> and difficulty concentrating. The undersigned must
> balance that against the finding for average intellect
> and cognitive functioning within effective limits (Ex.
> 2F, Pg. 30). As claimant's medical treatment continued, he
> showed improvement in mood and presented with a brighter
> affect (Ex. 2F, Pg. 21). The record does show that claimant
> had period of hospitalization. A[t] the time of his
> discharge, his thoughts "improved dramatically" (Ex. 2F,
> Pg. 2). None of these notes shows any loss of concentration
> or focus. As such, the undersigned does not credit
> claimant's report that he could sustain adequate CPP for
> simple tasks.

R. at 16. The ALJ supports his findings by citing to treating sources in Exhibit 2F, The William W. Backus Hospital treatment records. Page 32 references results from the plaintiff's mental status examination conducted by Brian Benton, M.D., on March 12, 2010; page 30, the mental status examination conducted by Eric K. Sandberg, Ph.D., on March 30, 2010; page 21, the mental status examination conducted by Barclay G. Caras, M.D., on April 7, 2010; and page 2, the "CONDITION OF DISCHARGE" summary prepared by Eric K. Sandberg, Ph.D., on June 3, 2011. The ALJ noted that the state agency sources "**comport[ed]** with the content of the ongoing treatment notes" (R. at 17 (emphasis added)), some of which are cited above. Thus, the ALJ did not rely solely on the state agency assessments. Any error with respect to their consideration would be harmless because substantial evidence supports the ALJ's decision, so it is immaterial that substantial evidence also supports the plaintiff's position.

Therefore, the plaintiff's motion to reverse or remand on this ground is being denied.

**D. RFC**

The plaintiff asserts that "[t]he ALJ erred in his RFC findings", and then proceeds to marshall evidence that supports the plaintiff's position, including "medical evidence of behavioral conditions present from the date of onset through the date last insured" (ECF No. 22-1 at 9), and evidence of treatment after the date last insured.

As to the mental health impairments that also impact the plaintiff's functional capacity, the ALJ wrote:

> The undersigned accepts that the claimant has some mental health impairments that also impact his functional capacity. The RFC has the finding for performing short and simple tasks with limited social interaction. Claimant attested to problems with reading comprehension. A[s] a result, the RFC has the requirement for receiving instructions orally, not in written form, and no work requiring reading. In consideration of stress triggers, the undersigned has also limited the claimant to work that does not require any independent judgment making. At the hearing, claimant reported very little ability to sustain focus for work tasks. As an initial matter, the undersigned notes that there are no findings for loss of cognitive ability such that claimant could not perform at least short and simple tasks. Mental status examinations detail average intellect and fair recent and remote memory (Ex. 2F, Pg. 32). At the next visit, claimant demonstrated poor memory and difficulty concentrating. The undersigned must balance that against the finding for average intellect and cognitive functioning within effective limits (Ex. 2F, Pg. 30). As claimant's medical treatment continued, he showed improvement in mood and presented with a brighter affect (Ex. 2F, Pg. 21). The record does show that claimant had period of hospitalization. A[t] the time of his discharge, his thoughts "improved dramatically" (Ex. 2F, Pg. 2). None of these notes

shows any loss of concentration or focus. As such, the undersigned does not credit claimant's report that he could sustain adequate CPP for simple tasks.

R. at 16. Thus, while the plaintiff can also point to substantial evidence in support of his position, the Commissioner's decision is supported by substantial evidence, so it will be sustained. See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The plaintiff also asserts that "[t]he ALJ erred as to the finding that the plaintiff could frequently finger and handle." ECF No. 22-1 at 11. However, as reflected by the evidence summarized by the Commissioner at pages 8 to 9 of her brief, the ALJ's finding that the plaintiff could frequently finger and handle is supported by the record.

Therefore, the plaintiff's motion to reverse or remand on this ground is being denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or in the Alternative Motion for Remand for a Hearing (ECF No. 22) is hereby DENIED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 23) is hereby GRANTED.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Dated this 29th day of March 2019, at Hartford, Connecticut.

                                                           /s/AWT
                                                  Alvin W. Thompson
                                        United States District Judge